KWANEESHA JEFFRIES,                 )
                                    )
            Plaintiff,              )
                                    )
      v.                            )          1:25cv724
                                    )
AUGUSTINE REALTY, LLC, et al.,      )
                                    )
            Defendants.             )

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the undersigned United States Magistrate Judge in connection with the Application to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry 1) (the "Application") filed by Kwaneesha Jeffries (the "Plaintiff") in conjunction with her pro se complaint (Docket Entry 2) (the "Complaint") against Augustine Realty, LLC (at times, "Augustine Realty"), Dasan Maisonet (at times, "Maisonet"), and William B. Davis ("Judge Davis").  The undersigned previously granted the Application for the limited purpose of recommending dismissal of this action.  (See Text Order dated Feb. 23, 2026.)  This Recommendation completes the process initiated by that Text Order. (See id. ("The issuing Magistrate Judge will issue a formal recommendation of dismissal . . . as time permits.").)

### APPLICABLE LEGAL PRINCIPLES

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee

that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [i]s not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action," inter alia, "(ii) fails to state a claim on which relief may be granted[] or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The latter ground applies in situations where doctrines established by the United States Constitution or at common law immunize government entities and/or government personnel from liability for damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing eleventh-amendment immunity of states and state officials); Pierson v. Ray, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as th[e

Supreme] Court recognized when it adopted the doctrine[] in . . . 1872[].").

Additionally, a complaint "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u> In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>

In conducting this analysis, a pro se complaint must "be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Nevertheless, the Court "will not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." <u>United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.</u>, 707 F.3d 451, 455 (4th Cir. 2013) (internal quotation marks omitted); <u>see also Giarratano v. Johnson</u>, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (explaining that the United States Court of Appeals for the

Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions" (internal quotation marks omitted)). The Court also "put[s] aside any naked assertions devoid of further factual enhancement." SD3, LLC v. Black & Decker (U.S.) Inc., 801 F.3d 412, 422 (4th Cir. 2015), as amended on reh'g in part (Oct. 29, 2015) (internal quotation marks omitted). "At bottom, determining whether a complaint states . . . a plausible claim for relief . . . will 'be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679).

**BACKGROUND**

This matter arises from an eviction proceeding in "Guilford District Court Small Claims" (Docket Entry 2 at 4).[1] (See id. at 1-9.) According to the Complaint:

Augustine Realty "initiated eviction proceedings against Plaintiff and sought judicial enforcement of a prejudgment possession order." (Id. at 3; see id. at 4 ("On or about June 11, 2025, Augustine Realty, LLC initiated a small claims action against Plaintiff in Guilford District Court Small Claims seeking possession of residential property.").) Maisonet, a property

---

[1] Citations herein to Docket Entry pages utilize the CM/ECF footer's pagination.

4

manager, represented Augustine Realty in those eviction proceedings (id. at 4), and Judge Davis, "the presiding judge of Guilford District Court Small Claims" (id.), conducted the proceedings (see id. at 4-5). Plaintiff filed a motion to dismiss the proceedings, but Judge Davis "summarily denied" that motion (id. at 4). Judge Davis then "h[e]ld a possession hearing, resulting in a prejudgment possession order" (id. at 5), the enforcement of which "was scheduled for [three weeks later]" (id.).[2] Plaintiff disputes the strength of Augustine Realty's eviction case (see id. at 5) and asserts that Judge Davis failed to properly resolve her "statutory challenge" (id.). (See, e.g., id. at 2 ("[T]he violation of procedural due process rights under color of state law, including RULE 60 Motion Denied & Motion to dismiss denied and Defendant [sic] was unable to produce Original agreement pursuant to Rule 1002 Best Evidence Rule, is the basis for this federal action." (capitalization in original)); see also id. at 5 ("The Defendant's [sic] case was based on unproven allegations. There is no verified complaint or physical evidence provided. Under the North Carolina Rules of Civil Procedure and Rules of Evidence, the court must require the Plaintiff [sic] to substantiate their claims with Original lease agreement, and Proper documentation" (capitalization

---

2 Plaintiff waited roughly three more weeks after this enforcement date to bring her Complaint. (Compare id. at 1 (reflecting filing date of August 12, 2025), with id. at 5 (reflecting enforcement date of July 23, 2025).)

in original)).)  Plaintiff thus contends that Augustine Realty's utilization of state judicial proceedings to secure her eviction "constitute[d] state action."  (Id. at 5.)  In this regard, the Complaint asserts:

"The judicial proceedings conducted without resolution of Plaintiff's statutory challenge constitute state action under Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982), because they involved the use of state-created procedures and court enforcement initiated by a private party acting jointly with state actors."  (Id. (underscoring added).)  "The conduct of [Judge] Davis, an officer of the court, in initiating and prosecuting the eviction without legal authority, and in conscious disregard of a valid statutory challenge, constitutes joint participation with the state and renders his actions under color of law under Shelley v. Kraemer, 334 U.S. 1 (1948)." (Id. (underscoring added); see also id. at 1 ("This case raises the federal question of whether judicial officers and private actors acting jointly under color of law can deprive a tenant of her home without adjudicating a legally sufficient challenge under state law.").)

"Defendants invoked and utilized the North Carolina eviction statutory scheme, which is a right or privilege created entirely by the North Carolina General Assembly.  The statutory mechanism for eviction is not a common law right, but exists solely by enactment of the legislature."  (Id. at 5-6.)  "The state of North Carolina

6

created this statutory machinery for the resolution of bona fide landlord-tenant disputes." (Id. at 6.) "When private parties such as Defendants Augustine Realty, LLC and Dasan Maisonet misuse this mechanism to unlawfully dispossess a tenant, they are invoking the coercive power of the state itself, satisfying the first prong of Lugar." (Id. (underscoring added).) "The deprivation in this case, Plaintiff's loss of housing[, ]resulted directly from the judicial orders issued by the Guilford District Court. The court's orders are instruments of state power, and the judge issuing them is a state official acting under authority conferred by North Carolina law." (Id.) "As such, the deprivation satisfies the second prong of Lugar, which requires that the party responsible for the deprivation be fairly attributable to the state." (Id. (underscoring added).)

Based on these allegations, Plaintiff sues, pursuant to 42 U.S.C. § 1983, for violation of her due process rights under the Fourteenth Amendment, seeking (i) a declaration that Defendants violated her constitutional rights, (ii) injunctive relief "enjoining enforcement of the July 15, [sic] 2025 possession order" (id. at 9),[3] and (iii) Plaintiff's "costs and any other relief the Court deems just and proper" (id.). (See id. at 6-9.) Plaintiff

---

3 The "Factual Allegations" (id. at 4 (bold and all-cap font omitted)) section of the Complaint identifies "July 02, 2025" (id. at 5), as the date of this order, with enforcement "scheduled for July 23, 2025" (id.).

7

sues Judge Davis "in his official capacity only for declaratory and injunctive relief" (id. at 4) and sues Maisonet "in his individual capacity for acting under color of law without legal authority and failing to respond to Plaintiff's statutory challenge" (id.).

## DISCUSSION

"Section 1983 provides a remedy . . . for the deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." Gonzaga Univ. v. Doe, 536 U.S. 273, 283 (2002) (quoting 42 U.S.C. § 1983); see also Lindiment v. Jones, No. 1:17cv501, 2017 WL 4119644, at *4 (M.D.N.C. Sept. 15, 2017) ("The statutory basis for federal claims involving constitutional violations by state actors appears in 42 U.S.C. § 1983."), recommendation adopted, No. 1:17cv501, 2017 WL 4417676 (M.D.N.C. Oct. 3, 2017). Under Section 1983,

> [e]very person who, under color of [state law,] . . . depriv[es another] of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[ or] in equity . . ., except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (underscoring added). Accordingly, to state a claim for relief under Section 1983, Plaintiff must provide factual allegations showing "that [she] w[as] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."

8

<u>American Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50 (1999).  She must also allege that a "person" subjected her to such deprivation.  <u>See, e.g.</u>, <u>Land v. Burke</u>, No. 1:19cv1084, 2020 WL 3545147, at *3 (M.D.N.C. June 30, 2020).

However, "a State is not a person within the meaning of § 1983." <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 64 (1989); <u>see also</u> <u>id.</u> at 66 ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."). Moreover, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." <u>Id.</u> at 71 (citation omitted).  North Carolina employs Judge Davis.  <u>See</u> N.C. Gen. Stat. §§ 7A-3 (bringing all court operations under control of state), 7A-130 (establishing district courts), 7A-132 (providing for district court judges). Accordingly, to the extent it seeks monetary relief, Plaintiff's official capacity claim against Judge Davis qualifies as a suit against North Carolina, <u>see</u> <u>Will</u>, 491 U.S. at 71, which "is not a person within the meaning of § 1983," <u>id.</u> at 64.[4]

---

4    Additionally, judicial immunity bars any individual-capacity claim for damages against Judge Davis.  The Complaint challenges certain legal rulings by Judge Davis in Plaintiff's state-court eviction proceedings, over which he presided.  (<u>See</u> Docket Entry 2 at 1-9.)  However, "[j]udges performing judicial

9

Plaintiff's injunctive claim against Judge Davis likewise fails as a matter of law. As a general matter, a litigant can pursue an official-capacity claim for prospective injunctive relief against a (non-judicial) state official under Section 1983. <u>See</u> <u>Will</u>, 491 U.S. at 71 n.10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." (internal quotation marks omitted)); <u>see also</u> <u>Green v. Mansour</u>, 474 U.S. 64, 68 (1985) (explaining that, under <u>Ex parte Young</u>, 209 U.S. 123 (1908), "the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law"). Here, though, the Complaint seeks relief for past harms, not ongoing violations of Plaintiff's

---

acts within their jurisdiction are entitled to absolute immunity from civil liability claims," <u>In re Mills</u>, 287 F. App'x 273, 279 (4th Cir. 2008), "even if such acts were allegedly done either maliciously or corruptly," <u>King v. Myers</u>, 973 F.2d 354, 356 (4th Cir. 1992). <u>See, e.g.</u>, <u>Pierson</u>, 386 U.S. at 554 ("[Judicial] immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences. . . . [A judge's] errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption." (internal quotation marks omitted)); <u>see also</u> <u>King</u>, 973 F.2d at 357 ("[T]he absolute immunity extended to a judge performing a judicial action is not in any way diminished even if his or her exercise of authority is flawed by the commission of grave procedural errors." (internal quotation marks omitted)).

10

rights.  (See Docket Entry 2 at 1-9.)  Thus, the Eleventh Amendment bars Plaintiff's injunctive claim against Judge Davis.  See, e.g., Green, 474 U.S. at 68 ("We have refused to extend the reasoning of *Young*, however, to claims for retrospective relief.").  The plain language of Section 1983 likewise precludes Plaintiff's injunctive claim against Judge Davis.  See 42 U.S.C. § 1983 (providing that, as relevant here, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted").

The Complaint also fails to state a viable claim against Augustine Realty and Maisonet (collectively, the "Private Defendants").  The Fourteenth Amendment prohibits States from violating individuals' due process rights.  See Lugar, 457 U.S. at 923-24.  "Because the Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'"  Id. at 924.  Similarly, for liability to attach under Section 1983, the defendant must engage in "conduct supported by state action."  Adickes v. S. H. Kress & Co., 398 U.S. 144, 163 (1970).  Importantly, though, "resort to state judicial process does not," by itself, "transform an otherwise private entity into an arm of the state for [Section 1983] purposes."  District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085 (4th Cir. 1979).  Here, relying entirely on conclusory allegations of Private Defendants' "joint action with a state

11

judge" (Docket Entry 2 at 2; <u>see also, e.g.,</u> <u>id.</u> at 5), the Complaint lacks any factual allegations that would transform Private Defendants' participation in the state eviction proceedings into state action. (<u>See</u> <u>id.</u> at 1-9.)

Nor do the Complaint's factual allegations support a due process claim. (<u>See</u> <u>id.</u>) "[T]he touchstone of due process is protection of the individual against arbitrary action of government, whether the fault lies in a denial of fundamental procedural fairness or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective." <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 845-46 (1998) (citations and internal quotation marks omitted); <u>see also</u> <u>id.</u> at 846 (noting that "the procedural due process guarantee protects against 'arbitrary takings'" and "the substantive due process guarantee protects against government power arbitrarily and oppressively exercised"). Notably, though, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense," requiring an "abuse of power . . . which shocks the conscience" to succeed on a substantive due process claim. <u>Id.</u> at 846 (internal quotation marks omitted); <u>see also</u> <u>id.</u> at 847 ("[T]he substantive component of the Due Process Clause is violated by executive action only when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." (internal quotation marks omitted)). In

12

turn, "[t]o succeed on a procedural due process claim, a plaintiff must satisfy three elements," namely (i) "that he had a constitutionally cognizable life, liberty, or property interest," (ii) "that the deprivation of that interest was caused by some form of state action," and (iii) "that the procedures employed were constitutionally inadequate." Sansotta v. Town of Nags Head, 724 F.3d 533, 540 (4th Cir. 2013) (internal quotation marks omitted).

Liberally construed, the Complaint alleges that Judge Davis (i) "summarily denied" (Docket Entry 2 at 4) Plaintiff's motions (see id. at 4, 8), (ii) conducted an eviction proceeding in which Plaintiff and Augustine Realty's property manager participated, and (iii) granted Augustine Realty possession of the property without requiring Private Defendants to produce Plaintiff's original lease agreement. (See id. at 1-9.) Plaintiff's bare assertions of wrongdoing, including that Private Defendants "misuse[d]" (id. at 6, 7) the eviction proceedings and that Judge Davis rendered "arbitrary and unexplained denial[s]" (id. at 8) of Plaintiff's motions, do not transform these allegations into a viable due process claim. See, e.g., SD3, 801 F.3d at 422.

Finally, the Complaint seeks a "[d]eclar[ation] that Defendants violated Plaintiff's procedural and substantive due process rights under the Fourteenth Amendment" (Docket Entry 2 at 9) through the state-court judicial process, which has culminated in a "final judgment" (id. at 2) slated for enforcement before

13

Plaintiff initiated this action (see id. at 1, 5). Yet "it [is] clear that [Plaintiff] cannot seek a declaration just because [s]he wants vindication for what happened to [her]." Wells v. Johnson, 150 F.4th 289, 303 (4th Cir. 2025); see also id. ("It is not enough that a plaintiff wishes to have the moral satisfaction of a judicial ruling that he was right and his adversary was wrong; the relief sought must have legal effect in determining the present and future rights and obligations of the parties." (internal quotation marks omitted)). Instead, to seek a declaratory judgment in federal court, "a plaintiff must show both that future litigation is likely to happen (at least absent the declaration sought) and that the declaration's preclusive effect will likely help [her] in that litigation." Id. at 302. Because Plaintiff has not made such showing (see Docket Entry 2 at 1-9), she cannot proceed on her declaratory judgment request, see Wells, 150 F.4th at 307.

Under the circumstances, the Court should dismiss the Complaint.

**CONCLUSION**

Plaintiff's claims fail as a matter of law, warranting dismissal under Section 1915(e)(2)(B).

14

**IT IS THEREFORE RECOMMENDED** that the Court dismiss this action pursuant to Section 1915(e)(2)(B).

This 27th day of March, 2026.

/s/ L. Patrick Auld
L. Patrick Auld
United States Magistrate Judge

15